**Elizabeth SEELEY**

v.

**DIRECTOR OF BUREAU OF LABOR STANDARDS.**

Supreme Judicial Court of Maine.

Argued Jan. 21, 1986.

Decided Feb. 21, 1986.

Pine Tree Legal Assistance, Inc., Solomon Goldman, (orally), Kathleen C. Caldwell, Bangor, for plaintiff.

James E. Tierney, Atty. Gen., Leanne Robbin, (orally), Asst. Atty. Gen., Augusta, for defendant.

Before: McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

NICHOLS, Justice.

When Waldo Shoe Corporation terminated its business in October, 1984, the Plaintiff, Elizabeth Seeley, was paid her regular wages earned through that date. Four months later she requested by letter that earned vacation benefits be paid her pursuant to 26 M.R.S.A. § 632(2) (1983) [1] out of the Maine Wage Assurance Fund. Met with a denial of her request by the Defendant, Director of the Bureau of Labor Standards, the Plaintiff sought a Rule 80C review in a complaint filed May 5, 1985, in Superior Court, in Kennebec County. Upon a Rule 12(b)(6), M.R.Civ.P., motion her complaint was dismissed for failing to state a cause of action. We affirm the dismissal by the Superior Court.

Through the Maine Wage Assurance Fund the Legislature has created a safety net to the extent of two weeks wages and to that extent only. This Plaintiff had been paid those regular wages. In its operative sentence Section 632 speaks of "wages;" it does not speak of "earned

---

1. 26 M.R.S.A. § 632 (1983) provides in pertinent part:

    1. There is established a Maine Wage Assurance Fund to be used by the Bureau of Labor Standards within the Department of Labor for the purpose of assuring that all former employees of employers within the State receive payment for wages for a maximum of 2 weeks for the work they have performed. The Legislature intends that payment of earned wages from the fund be limited to those cases when the employer has terminated his business and there are no assets of the employer from which earned wages

may be paid, or when the employer has filed under any provision of the Federal Bankruptcy Act....

    2. The fund shall be administered by the Director of the Bureau of Labor. Applications for payment from the fund and disbursements from the fund shall be in accordance with regulations promulgated by the director. The State shall be subrogated to any claims against an employer for unpaid wages by an employee who has received payment from the fund. Subrogation to these claims shall be to the extent of payment from the fund to the employee.

wages" which she argues might include the vacation benefits which the Plaintiff seeks in this action.

The Plaintiff's attempt to import the definition of "wages earned" from 26 M.R. S.A. § 629–A (1977), a definition that includes all fringe benefits earned, is unavailing. That statute relates to claims against insolvent employers. The statute we must interpret here relates instead to claims on the Maine Wage Assurance Fund. In sum, when the Legislature wants to include fringe benefits in a definition of wages, it has shown an ability to do so.

The Plaintiff points out that the Defendant Director has never promulgated regulations for the administration of this Fund as he was clearly directed to do by section 632(2). She is correct. There is no showing, however, that if regulations had been promulgated, as indeed they should have been, this Plaintiff would have been helped thereby. The Legislature provided in section 632(1) for "payment of wages for a maximum of two weeks." The Superior Court rightly concluded it could not go further.

The entry is:

Judgment affirmed.

All concurring.